UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KENTREVIOUS HIGHTOWER,

        Plaintiff,

       v.

OFFICER RICHARD BLAKE
POWELL, IN HIS INDIVIDUAL
CAPACITY,

        Defendant.

CIVIL ACTION NO.

1:18-CV-03311-JPB

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

This matter came before the Court on Defendant's Motion to Dismiss Plaintiff's First Amended Complaint and Incorporated Brief.  [Doc. 16].  This Court finds as follows:

Plaintiff alleges that on July 11, 2016, he participated in a peaceful protest in the Buckhead area of Atlanta.  [Doc. 13, p. 2].  During the protest, Plaintiff was riding a bicycle when he was stopped by Defendant, who was a police officer.  [Doc. 13, p. 3].  Plaintiff asserts that even though the sun had not yet set, Defendant handcuffed and immediately arrested him for violating O.C.G.A. § 40-6-296, which is a law that requires bicycles to be equipped with lights when operating at nighttime.  [Doc. 13, pp. 3-4].  Specifically, the law states that

> [e]very bicycle when in use at nighttime shall be equipped with a light on the front which shall emit a white light visible from a distance of 300 feet to the front and with a light on the back which shall emit a red light visible from a distance of 300 feet to the rear. Any bicycle equipped with a red reflector on the rear that is approved by the Department of Public Safety shall not be required to have a light on the rear of the bicycle.

O.C.G.A. § 40-6-296. According to the allegations contained in the First Amended Complaint, Plaintiff was arrested before 8:30 p.m. At that time, Plaintiff asserts that the sun was still visible in the sky and the sky had not darkened. [Doc. 13, p. 3]. In fact, Plaintiff alleges that the official time of sunset that day was 8:50 p.m. [Doc. 13, p. 3]. Ultimately, as a result of the arrest, Plaintiff was incarcerated for one evening and only four days later, the charges from the arrest were dismissed. [Doc. 13, p. 4].

Alleging violations of his civil rights, on July 10, 2018, Plaintiff brought this action against Defendant pursuant to 42 U.S.C. § 1983. Defendant moved for dismissal on December 27, 2018, and argued that (1) Plaintiff failed to serve Defendant within the statute of limitations, and thus the entire action is barred, (2) Plaintiff failed to show that Defendant lacked probable cause for the arrest thus entitling him to qualified immunity and (3) Plaintiff failed to state a claim for false arrest under Georgia state law. Each argument will be addressed below.

1. **<u>Statute of Limitations</u>**

In this case, it is undisputed that Plaintiff filed this action within the two-year statute of limitations.  It is also undisputed that Defendant was not served within the statute of limitations.  Because Defendant was not served until after the expiration of the statute of limitations, Defendant argues that the action must be dismissed.

Whether service of process must occur during the limitations period depends on whether the cause of action is based on state law or federal law.  For example, when federal jurisdiction is based on diversity of citizenship (i.e. state law claims), state law dictates both the appropriate period of limitations and whether service of process must be perfected within that period.  <u>Walker v. Armco Steel Corp.</u>, 446 U.S. 740, 752-53 (1980).  For state law claims pending in federal court, in determining whether the case is barred by the statute of limitations, the filing of an action is "not the commencement of the suit unless followed by service within a reasonable time."  <u>Cambridge Mut. Fire Ins. Co. v. City of Claxton, Ga.</u>, 720 F.2d 1230, 1233 (11th Cir. 1983).  Specifically, for claims based on Georgia law, if service is perfected more than five days after the filing of a complaint and after the statute of limitations has run, service only relates back to the time of filing if the plaintiff has diligently attempted to perfect service.  <u>Id.</u>

Importantly, Georgia's service requirement does not apply to federal-question cases.  Instead, Federal Rule of Civil Procedure 3, which provides that a civil action is commenced upon the filing of a complaint with the court, governs.  West v. Conrail, 481 U.S. 35, 39 (1987).  "[W]hen the underlying cause of action is based on federal law and the absence of an express federal statute of limitation makes it necessary to borrow a limitations period from another statute, the action is not barred if it has been 'commenced' in compliance with Rule 3."  Id.  In other words, an action is commenced on filing—not on filing plus service within a reasonable period.

Ultimately, because the cause of action in this case is based on federal law, under Federal Rule of Civil Procedure 3, Plaintiff's action was commenced on July 10, 2018, the day it was filed.  It is undisputed that this was within the statute of limitations.  Because Georgia's service requirement does not apply in this case, Plaintiff's action is not barred by the statute of limitations.  As to this ground, Defendant's Motion to Dismiss is DENIED.

### 2. **Qualified Immunity**

Defendant argues that he is entitled to qualified immunity, and thus dismissal is warranted.  Specifically, and without providing detailed analysis, Defendant asserts that he had probable cause to arrest Plaintiff simply because

Plaintiff was a bicyclist in the street at 8:30 p.m.  In the alternative, Defendant maintains that even if he did not have probable cause to arrest Plaintiff, he had arguable probable cause to make the arrest.

When ruling on a motion to dismiss on qualified immunity grounds, this Court must "accept the facts alleged in the complaint as true, drawing all reasonable inferences in the plaintiff's favor." Gates v. Khokhar, 884 F.3d 1290, 1296 (11th Cir. 2018).  The complaint must contain sufficient factual matter to state a claim of relief that is plausible on its face, which means that it contains sufficient facts to support a reasonable inference that the defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Ordinarily, the defense of qualified immunity is addressed at the summary judgment stage of a case. Corbitt v. Vickers, No. 17-15566, 2019 WL 300798, at *4 (11th Cir. July 10, 2019).  A defendant may, however, be entitled to qualified immunity at the motion to dismiss stage if the "complaint fails to allege the violation of a clearly established constitutional right" after drawing all reasonable inferences in the plaintiff's favor. Id.

Qualified immunity shields government officials, such as police officers, "performing discretionary functions . . . from liability for civil damages insofar as

their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Id.  Qualified immunity protects "all but the plainly incompetent." Id.  As a general rule, if the defendant shows that he was acting within the scope of his discretionary authority, which is undisputed in this case, the burden of proof shifts to the plaintiff to show (1) that the defendant violated a constitutional right and (2) that the violated right was clearly established. Id.  Importantly, "both elements of this test must be present for an official to lose qualified immunity, and this two-pronged analysis may be done in whatever order is deemed most appropriate for the case." Rivera v. Carvajal, No. 18-12388, 2019 WL 2645274, at *3 (11th Cir. June 27, 2019).

In analyzing the first prong above, Plaintiff alleges that he was arrested without probable cause while engaging in a protest, in violation of his First and Fourth Amendment Rights.  "It is true that a warrantless arrest lacking probable cause violates the Constitution, and such an arrest can therefore potentially underpin a § 1983 claim." Gates, 884 F.3d at 1297.  Importantly, a government official is entitled to immunity if the arrest was supported by either probable cause or arguable probable cause. Rivera, 2019 WL 2645275, at *3.  "Probable cause exists where the facts within the collective knowledge of law enforcement officials, derived from reasonably trustworthy information, are sufficient to cause a

person of reasonable caution to believe that a criminal offense has been or is being committed."  Id.  "Arguable probable cause requires the court to ask 'whether reasonable officers in the same circumstances and possessing the same knowledge as the [d]efendant *could have believed* that probable cause existed to arrest.'"  Id. (emphasis in original).

In determining whether probable cause or arguable probable cause exists, this Court must look to the totality of the circumstances.  Cozzi v. City of Birmingham, 892 F.3d 1288, 1294 (11th Cir. 2018).  Importantly, "[w]hether an officer had arguable probable cause 'depends on the elements of the alleged crime and the operative fact pattern.'"  Andrews, 729 Fed. Appx. at 809.

In this case, Defendant alleged that Plaintiff violated O.C.G.A. § 40-6-296, which requires that bicycles "in use at nighttime shall be equipped with a light on the front."  The question before the Court—whether probable cause or arguable probable cause existed to arrest Plaintiff at the time the arrest was made—depends on whether Plaintiff was using his bicycle at nighttime.

The facts before the Court, as alleged by Plaintiff, show that Plaintiff was riding his bicycle as part of a peaceful protest at the time he was arrested. Importantly, Plaintiff asserts that he was arrested before nighttime.  Specifically, Plaintiff claims that the sun had not set, and the sky had not begun to darken.

Because O.C.G.A. § 40-6-296 only applies to bicycles in use at nighttime, and the only facts before the Court are that it was not yet nighttime, dismissal is not appropriate at this time. Ultimately, after construing the facts in the light most favorable to Plaintiff, this Court finds that the arrest was not supported by probable cause or arguable probable cause. Probable cause is not present because the facts presented show that Defendant was arrested when it was not yet nighttime. Similarly, arguable probable cause is not present because this Court finds that no reasonable police officer in the same circumstances and possessing the same knowledge as Defendant could have believed that Plaintiff's conduct violated a bicycle ordinance which only applied at nighttime. Even though the arrest occurred near 8:30 p.m., because Plaintiff alleged that the sky was not darkening, this Court finds that a reasonable police officer would not find that it was nighttime when the sky was not darkening. Of course, as discovery progresses in this case, evidence may emerge that Defendant either had probable cause or arguable probable cause at the time of arrest. For example, evidence may be presented that the arrest occurred much later than 8:30 p.m., or that it was actually dark outside or otherwise difficult to see (i.e. due to a storm or other circumstances). Ultimately, based on the allegations before the Court, this Court cannot find that the arrest was

supported by either probable cause or arguable probable cause, which is a violation of the Fourth Amendment.

This Court's inquiry does not end there, however.  This Court must also determine whether the Fourth Amendment right violated was clearly established. The inquiry is "whether already existing law was so clear that, given the specific facts facing this particular officer, one must conclude that 'every reasonable official would have understood that what he is doing violates' the Constitutional right at issue." Gates, 884 F.3d at 1303.  Because the allegations of the Complaint provide that Plaintiff was arrested during the daytime for an offense that can only be committed at night, this Court finds that objective officers could not have concluded reasonably that probable cause existed to arrest Plaintiff under the particular circumstances Defendant encountered.

Ultimately, for the reasons stated above, Plaintiff met his burden to show that Defendant violated a right that was clearly established, and therefore, Defendant's Motion to Dismiss as to this ground is DENIED.

### 3. **Failure to State a Claim for False Arrest under Georgia Law**

Defendant argues that Plaintiff failed to state a viable state law claim for false arrest.  Although Plaintiff originally brought state law claims [Doc. 1], Plaintiff amended his complaint on December 12, 2018, and elected to proceed

only under federal law.  [Doc. 13].  Because Plaintiff does not assert any state law claims, Defendant's Motion to Dismiss is DENIED as to this ground.

For the reasons stated above, this Court DENIES Defendant's Motion to Dismiss.  The Stay entered on February 14, 2019, is HEREBY LIFTED and the parties are HEREBY ORDERED to file the Joint Preliminary Report and Discovery Plan required by Local Rule 16.2 within thirty days of entry of this Order.

**SO ORDERED** this 23rd day of July, 2019.

J. P. BOULEE
United States District Judge