UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KENTREVIOUS HIGHTOWER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No.: |
| | ) | |
| OFFICER RICHARD BLAKE POWELL, | ) | 1:18-cv-3311-JPB |
| | ) | |
| | ) | |
| Defendant. | ) | |

**ATTACHMENTS "A" through "I"**
**PROPOSED CONSOLIDATED PRETRIAL ORDER**

**Attachment A**
**(Questions Regarding Legal Qualifications)**

**Plaintiff Requests the Following Questions be Posed to the Panel:**

1. Is anyone not a citizen of the United States?

2. Is anyone less than 18 years of age?

3. Does anyone not reside in one of the following counties: Fulton, Cobb, Clayton, Cherokee, DeKalb, Douglas, Gwinnett, Henry, Newton, or Rockdale?

4. Are you able to read, write, speak, and understand the English language?

5. Are you incapable by reason of mental or physical infirmity to render jury service?

6. Have you been convicted of a criminal offense which is punishable by

imprisonment for more than one year and not had your civil rights restored?

7. Do you have a pending charge for a criminal offense in any state or federal court for a crime punishable for more than one year?

8. Are you related by blood or marriage to any of the following individuals:

   Jeffrey Filipovits

   James Dearing

   Staci Miller

   Alisha Irene Wyatt-Bullman

   Harold Spence

9. Are you or a member of your immediate family employed by the City of Atlanta?

10. Do you have a physical or mental health condition that would prevent him or her from serving as a juror in this case?

11. Do you subscribe to any religion or belief that would prevent you from performing jury duty?

**Defendant's Jury Questions Concerning Their Legal Qualifications to Serve**

1. Are you related by blood or marriage to:

    a. Kentrevious Hightower

    b. Richard Blake Powell

2. Are you related by blood or marriage to:

    a. James E. Dearing, Jr.

    b. Any current or former employee of the law firm of James E. Dearing, Jr., P.C.?

3. Are you related by blood or marriage to:

    a. Any person at City of Atlanta Police Department?

4. Have you ever been employed by the City of Atlanta, County of Fulton or any of its departments, commissions or agencies?

5. Are you a citizen of the United States?

6. Have you been convicted of a crime for which the punishment was six (6) months or more?

7. Do you live in the Northern District of Georgia?

8. Can you read, write, speak and understand the English language?

9. Do you suffer from any mental or physical infirmity that would prevent you from rendering satisfactory jury service?

10. Are you presently subject to any felony charge?

11. Are you 18 years of age or older?

12. Are you registered to vote?

13. Have you served on a jury in the past 6 months?

14. Do you have any medical issues, mental impairments or physical problems (for example, sight, hearing, or back) that may affect you ability to understand the evidence or would make it difficult for you to sit for long periods?

**Attachment B -1**

**Plaintiff's voir dire questions**

1. Do you know or recognize, the plaintiff, the defendant, or any of their attorneys? If yes, please identify the person and state whether that relationship would affect your ability to give a fair trial to all of the parties in this case.

2. Do you believe that anyone who is arrested must be guilty of something?

3. Have you ever attended a protest or demonstration?

4. Have you ever challenged, protested against, commended, praised, or otherwise commented upon the actions of a law enforcement officer by communicating directly with the officer or a member of his or her police department? If so, what was the outcome of your communication?

5. The law permits a citizen to be awarded monetary damages if it is proven that a police officer violated a clearly established constitutional right. Are you comfortable awarding monetary damages in this case if it is proven that the Defendant violated the Plaintiff's constitutional rights?

6. Do you have any personal political belief or previous experience with law enforcement officers that might weigh upon your mind as you deliberate in this case? If so, please describe that experience.

7. Even if you find that your personal politics or beliefs may influence you,

are you confident that you can put those beliefs aside and make a judgment based only on the evidence and testimony that is presented to you in court?

8. Have you, or someone you know, ever been employed by any law enforcement agency? If so, please describe the person employed, how you know them, and the capacity in which they worked.

9. Have you ever held an elected or appointed position with any local, state, or federal government? If so, name the position and the approximate time period during which you served.

10. Do you have any formal legal training? If so, please describe your experience.

11. Some people think that public protests claiming police misconduct are wrong while other people think that the protests have a point. Which side are you closer to?

12. Have you or an immediate family member ever participated in any group concerned with crime prevention or victims' rights? Please explain.

13. Where do you get your news? What television, radio, print, or internet sources do you rely upon to learn about recent events?

14. What websites do you visit on a daily basis?

15. Have you taken any legal courses and, if so, please what you studied and

where.

16. Do you know any of the following persons [list of parties, counsel and witnesses]. If so, how? Would what you know about them affect your ability to be impartial in deciding this case?

17. Would service as a juror in this matter impose any special hardship or inconvenience upon you?

18. Do you believe that as a general rule, individuals should be held accountable for their actions?

## Attachment B-2

## Defendant's voir dire questions

1. Do you know or have you ever heard of Richard Blake Powell, defendant in this case and a police officer for the City of Atlanta, Georgia?

2. Do you know or have you ever heard of Kentrevious Hightower, plaintiff in this case?

3. Do you have any personal knowledge about this case, from any source?

4. Have you ever served on a jury? If so, was it a civil case or a criminal case? Was a verdict reached?

5. Have any of you, your family members, or close friends ever been involved as a party or a witness in a civil lawsuit against a police officer?

6. Have you or any member of your immediate family ever been arrested? Under what circumstances?

7. Have you ever filed a lawsuit or been sued in any type of civil lawsuit? If so, what was the nature of the case? How was it resolved, for example, by trial or settlement?

8. Without telling the reason, if any of you would rather just not serve on this jury, please raise your hand.

9. Does anyone have any law enforcement training, including but not limited to Fourth Amendment seizure or use of force issues?

10. Have you ever been charged with resisting, fleeing, or obstructing arrest?

11. Has a police officer ever used force against you or a member of your immediate family, either to place you or the family member under arrest or to force compliance from you or the family member?

12. Have you or a member of your immediate family ever been the victim of domestic abuse? If so, have you formed any opinions about the role of law enforcement in responding to a domestic call? What are your opinions?

13. Have you or a member of your immediate family ever been accused of domestic abuse? If so, have you formed any opinions about the role of law enforcement in responding to a domestic call? What are your opinions?

14. Do you believe that you or a member of your immediate family has ever been wrongfully arrested by the police?

15. For whatever reason, do you dislike or have any ill feelings towards law enforcement officers?

16. Have you or your immediate family currently, or have they ever been, members of a professional, fraternal, social or civic organization of any kind? If so, what organization? Did you hold any leadership positions?

17. Does any of you know each other?

18. Do you regularly watch any reality-based law enforcement shows such as "Cops"? If so, which shows? Based on watching these shows, have you formed any opinions — good or bad — about law enforcement? If so, what?

19. Is there anyone who thinks the plaintiff must have been harmed or else he would not have brought this lawsuit?

20. Is there anyone who believes that the defendant must have done something wrong if he ended up being sued?

21. Do any of you feel that, for whatever reason, you cannot be fair to both sides in this case?

22. Is there anyone who has any moral or religious beliefs about sitting in judgment of others such that it would prevent you from being fair and impartial?

23. Do you know of any reason why you would not render a fair or impartial verdict in this case?

# ATTACHMENT C

# PLAINTIFF'S OUTLINE OF THE CASE

a) **Summary of Plaintiff's Contentions**

Plaintiff was riding his bike at a peaceful protest against police violence stemming from the recent shootings of two African-American individuals. As Plaintiff was lawfully riding in the street, Officer Powell singled Plaintiff out and arrested him. The purported reason for the arrest was that Plaintiff's bicycle was not equipped with a proper light. The crime Officer Powell arrested Plaintiff for violating is O.C.G.A. § 40-6-296, which requires the use of a front headlight at "nighttime." Plaintiff was arrested at 8:30 p.m. on July 11, 2016. On that date, 8:30 p.m. is 20 minutes before sunset. The sky was not dark in any way whatsoever. As a result, Plaintiff was arrested and incarcerated overnight before posting bond.

b) **Relevant Rules, Regulations, Statutes, and Case Law**

O.C.G.A. § 40-6-296

*Rankin v. Evans*, 133 F.3d 1425, 1435 (11th Cir.1998)

*Redd v. City of Enter.*, 140 F.3d 1378, 1382 (11th Cir. 1998)

*Wilkerson v. Seymour*, 736 F.3d 974, 976 (11th Cir. 2013)

c) **Damages and Other Relief Sought**

Plaintiff seeks recovery of compensatory, and punitive damages at trial, as follows:

1. <u>Compensatory Damages</u>: The Plaintiff will seek an award of compensatory damages in an amount to be determined by the enlightened conscience of the jury. Compensatory damages in this case are available to compensate Plaintiff for his humiliation, fear, frustration, anger, embarrassment, loss of reputation, self doubts, and the entire range of emotional reactions that result from being subjected to an unlawful arrest by the Defendant. Compensatory damages are available to plaintiffs in civil rights cases under the common law, as applied to such matters in Federal Court. See generally *Carey v. Piphus*, 435 U.S. 247, 254-55, 98 S.Ct. 1042, 1047-48, 55 L.Ed.2d 252 (1977); *Wright v. Sheppard*, 919 F.2d 665, 669 (11th Cir. 1990). As the exact amount of compensatory damages can only be determined by the enlightened conscience of the jury, Plaintiff cannot fairly determine the amount he is likely to request prior to trial, however, Plaintiff expects to seek in excess of $250,000.00 in compensatory damages.

2. <u>Special Damages</u>: Plaintiff seeks special damages which constitute the amount paid for his bond to be released from jail.

3. <u>Punitive Damages</u>: The Plaintiff expects to establish that the Defendant acted willfully and with reckless disregard for his federally protected

rights under the Fourth Amendment. Plaintiffs alleging constitutional violations such as false arrest may recover punitive damages from an individual defendant. See generally, *Smith v. Wade*, 461 U.S. 30, 51 (1983). The Plaintiff will seek an award of punitive damages in an exact amount to be determined by the enlightened conscience of the jury and expects to seek an amount proportional to the jury's award of special and compensatory damages.

4. <u>Prejudgment Interest</u>: Plaintiff will seek recovery of prejudgment interest. *See e.g. Loefler v. Frank*, 486 U.S. 459 (1988).

5. <u>Attorney's Fees and Costs</u>: Plaintiff seeks attorneys' fees and costs under 42 U.S.C. § 1988.

**Attachment D**

**Defendant's Factual Summary**

On July 11, 2016, Plaintiff was in the area of a protest on Peachtree Street in the city of Atlanta, Georgia riding his bicycle. Plaintiff rode his bicycle in the street and near a police vehicle in which Officer Powell was an occupant. Upon viewing Plaintiff in the street, Officer Powell stopped the progress of Plaintiff, arrested him and took him into custody for violating O.C.G.A. § 40-6-296, requiring lighting and other equipment on bicycles. As a result of the arrest, Plaintiff spent one night in jail.

# ATTACHMENT F-1

# PLAINTIFF'S WITNESS LIST

### Plaintiff will have present at trial:

1. Kentrevious Hightower

2. Calvin Moody (for the purposes of authenticating Plaintiff's Exhibit 1)

### Plaintiff may call:

1. Blake Powell

2. Any person on Defendant's witness list

## **Attachment F-2**

## **DEFENDANT'S WITNESS LIST**

Defendant will have present at trial:

1. Richard Powell

2. Nicholas Mercado

3. Any person listed on Plaintiff's Witness List

## **Attachment G-1**

## **PLAINTIFF'S DOCUMENTARY AND PHYSICAL EVIDENCE**

1. Photographs of the scene of the arrest, taken on 8:30 p.m. on July 10, 2019

2. Citation issued to Plaintiff by Officer Powell

3. Certified copy of dismissal of criminal charges

4. Jail bonding document

5. Jail booking documents

6. Mug shots

7. Officer Powell police report

## Attachment G-2

## DEFENDANT'S DOCUMENTARY AND PHYSICAL EVIDENCE

1. All documents listed by Plaintiff in Attachment G-1.

2. APD Incident Reports

3. Photographs of Plaintiff's bicycle

4. All documents previously produced to Plaintiff during discovery.

## ATTACHMENT "I"

The parties propose the following verdict form:

We, the jury, find in favor of Plaintiff. With regard to Plaintiff's claim for damages, we find for Plaintiff in the amount of $_____.

-or-

We, the jury, find in favor of Defendant.