UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KENTREVIOUS HIGHTOWER, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CIVIL ACTION FILE NO.: |
| ) | |
| OFFICER RICHARD BLAKE ) | 1:18-cv-3311-JPB |
| POWELL, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION TO EXTEND TIME TO CONDUCT
PLAINTIFF'S DEPOSITION**

Defendant had almost 6 months to conduct Plaintiff's deposition *before* the pandemic and did not do it.[1] This only reason discovery in this case was extended past February 29 was for Defendant's benefit because, by that point, Plaintiff had completed discovery. Now, eight months after the original discovery period ended, Defendant has not yet taken Plaintiff's deposition.

---

[1] Discovery in this case began in September 2019 and continued through January 3, 2020. *See* Doc. 31. Plaintiff completed all discovery within the first extended discovery period, which ended February 29, 2020. *See* Doc. 38. The second extension until March 31, 2020, was filed by Defendant. *See* Doc. 43, 44.

1

Defendant's counsel is, understandably, unwilling to travel to the Clayton County Jail or courthouse for this Plaintiff's deposition. But instead of opting to do the deposition via telephone, he asks this Court to require others facilitate to a video deposition. Jail staff—who is not transporting inmates to the courthouse—should transport Plaintiff to the courthouse. Courthouse personnel should provide a location for the deposition with a suitable internet connection. Plaintiff's counsel should travel to the courthouse and supply a laptop (and presumably technical support) to Plaintiff. Meanwhile, Defendant's counsel will stay safely in his office.

If this Court permits the deposition to go forward, it should be via telephone only.[2]

---

[2] Plaintiff's counsel proposed various alternatives to Defendant prior to the filing of this motion. *See* Doc. 61 at 5, 20. While the parties spoke on the phone following that email, and Plaintiff later suggested examples of relief Defendant could seek from the Court, *see* Doc. 61 at 5, Defendant did not provide his proposal to Plaintiff prior to filing his motion and the proposed order. This is the first opportunity Plaintiff has had to address it.

Recent discussions related to Plaintiff's deposition[3]

After the submission of the parties' joint pretrial order, this Court authorized Defendant to take Plaintiff's deposition in August 2020. Doc. 58. Defendant's counsel then began to arrange Plaintiff's deposition and, soon thereafter, it became clear that Defendant believed that Plaintiff's counsel had the responsibility to coordinate arranging the deposition with Jail staff, and asked him to contact the Jail to arrange the deposition. It then became clear that Defendant's counsel believed that Plaintiff also had the responsibility go to to the Jail, supply a laptop to Plaintiff, and sit with Plaintiff for the deposition while Defendant's counsel and a court reporter attended the deposition remotely. *See* Doc. 61 at 25 ("It seems that the only way to handle this matter is for you to be at the jail with Mr. Hightower."). After discussion, Defendant's counsel thankfully relented from his position that Plaintiff's counsel must personally attend Plaintiff's deposition in the Jail.

---

[3] Defendant has included numerous emails between counsel in spite of this Court's standing order stating that "Counsel [and pro se litigants] shall not provide the Court with copies of correspondence among themselves relating to matters in dispute." Doc. 32 at 9 (citing Local Rule 7.4 NDGa). Since these communications have already been submitted to the Court, Plaintiff cites to them where they may be pertinent.

### If Plaintiff's deposition occurs, it should be via telephone only

Nevertheless, Defendant continues to take the position that Plaintiff's counsel must facilitate the deposition. Now, instead of traveling to the Jail, Defendant seeks a court order requiring Plaintiff's counsel to travel to the Clayton County Courthouse and provide a laptop to Plaintiff, and for Jail staff to transport Plaintiff. *See* Proposed Order, Doc. 61-1.

Plaintiff's counsel did consent to his out-of-time deposition only to be required to go to the Clayton County Jail, or the courthouse, and provide a computer, technical assistance, and interact with Jail staff. Plaintiff has family members who are are at high risk for Covid complications and Plaintiff's counsel has gone to great lengths to minimize any exposure to the virus.[4] Defendant's plan, while better than forcing Plaintiff to attend the deposition *inside* the jail, is not much better, especially given the lack of specificity in it.[5]

---

[4] Plaintiff's suggestion that Defendant seek an order to transport Plaintiff to the courthouse, *see* Doc. 61 at 5, was not an invitation to seek an order requiring Plaintiff's counsel to go to the courthouse and provide electronic and technical support for the deposition. Plaintiff imagined that Defendant—who is the party conducting the deposition—would be responsible for making suitable arrangements.

[5] For example, what happens if there is not a suitable internet connection in the courthouse? How will Plaintiff be prevented from using the laptop for

In light of Defendant's lack of diligence in taking Plaintiff's deposition earlier in this case, Defendant's counsel's unwillingness to conduct an in-person deposition himself, and Defendant's counsel's position that Plaintiff's counsel and court personnel have the responsibility to risk exposure to Covid-19 to facilitate the deposition, Defendant's proposed order is unacceptable.

Instead, Plaintiff proposes that, if Defendant is permitted to take this deposition, it be done via telephone. If Defendant's counsel is unwilling to travel to the Jail for an in-person deposition, he should not be permitted to require others to assume the risks he is unwilling to take. Defendant can supply any pre-marked exhibits to Plaintiff's counsel before the deposition and Plaintiff's counsel will ensure they are sent to Plaintiff for use during the deposition.[6]

Plaintiff's counsel has conducted telephonic depositions during the pandemic with the consent of all parties in other cases when a witness has had issues with a Zoom connection. There were no issues. The parties can stipulate to the remote administration of an oath, or Defendant can arrange to have the Jail's

---

    unauthorized purposes? What if there is a technological glitch that requires Plaintiff's counsel to solve? What if the glitch cannot be solved? Who will make suitable arrangements with the Jail staff and courthouse personnel?

[6]  Provided they are supplied in a suitable amount of time before the deposition, given that U.S. Mail is the only way to send documents into the facility.

notary administer the oath in-person to Plaintiff. Other courts have permitted telephone depositions, and the Federal Rules are flexible enough to accommodate it. *See* Fed. R. Civ. P. 30(b)(5)(A) ("Unless the parties stipulate otherwise, a deposition must be conducted . . ."). *See also Bywaters v. Bywaters*, 123 F.R.D. 175 (E.D. Pa. 1988); *Brown v. Carr*, 236 F.R.D. 311 (S.D. Tex. 2006) (holding a prisoner, who brought § 1983 action against prison officials, established legitimate basis for taking the officials' depositions by telephone).

*Conclusion*

Plaintiff defers to the Court as to whether the deposition should be allowed. To the extent it is allowed, Plaintiff objects to the relief Defendant seeks. Plaintiff has attempted to be accommodating and Defendant has not explained why, given the circumstances, a telephonic deposition is not an acceptable solution.[7]

September 9, 2020.

---

[7] Defendant has also failed to explain whether he investigated any other solution, such as using the Jail's video conferencing system used for criminal court appearances, or using the Jail's video visitation system.

**<u>Jeff Filipovits</u>**
Jeff Filipovits
Georgia Bar No. 825553

SPEARS & FILIPOVITS, LLC
1126 Ponce de Leon Avenue
Atlanta, Georgia 30306
(404) 872-7086
jeff@civil-rights.law

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that this motion has been filed electronically via the CM/ECF system which will automatically serve the document on all counsel of record.

This 9th day of September, 2020.

**Jeff Filipovits**
Jeff Filipovits
Georgia Bar No. 825553

SPEARS & FILIPOVITS, LLC
1126 Ponce de Leon Avenue
Atlanta, Georgia 30306
(404) 872-7086
jeff@civil-rights.law