UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KENTREVIOUS HIGHTOWER, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> OFFICER RICHARD BLAKE ) <br> POWELL, ) <br> ) <br> Defendant. ) | Civil Action No.: <br><br> 1:18-cv-3311-JPB |

**JOINT PRETRIAL ORDER**

1.

There are no motions or other matters pending for consideration by the court except as noted:

**Defendant:**

**Defendant has been unable to depose Plaintiff because he has been incarcerated in Clayton County. Furthermore, Plaintiff's counsel had previously filed a Motion to Withdraw as Counsel of Record in this case. Now, Plaintiff's counsel will continue representation of Plaintiff. Defendant would like the opportunity to depose Plaintiff. Defendant will make arrangements with Clayton County and schedule Plaintiff's deposition. Based upon the Court's Orders, discovery recommences on July 31, 2020 and the parties have until**

1

August 15, 2020 to complete discovery.

**Plaintiff:**

**Plaintiff anticipates that one or both counsel will file a motion to withdraw as counsel. Counsel recognizes that unless and until the Court permits withdrawal they remain counsel of record.**

**Plaintiff is unaware of the discovery extension which Defendant references. The last order to extend discovery was entered on February 24, 2020, and extended discovery until March 31, 2020.** *See* **Doc. 43. Since that time, Defendant has stated an intent to depose Plaintiff outside the discovery period. Given the pandemic, Plaintiff does oppose Defendant seeking leave to take Plaintiff's deposition.**

2.

All discovery has been completed, unless otherwise noted, and the court will not consider any further motions to compel discovery. (Refer to LR 37.1B). Provided there is no resulting delay in readiness for trial, the parties shall, however, be permitted to take the depositions of any persons for the preservation of evidence and for use at trial.

**See response to No. 1 above.**

3.

Unless otherwise noted, the names of the parties as shown in the caption to this Order and the capacity in which they appear are correct and complete, and there is no question by any party as to the misjoinder or non-joinder of any parties.

**The names of the parties shown in the caption of this order are correct and complete and there is no question by Defendant as to the misjoinder or non-joinder of any parties.**

4.

Unless otherwise noted, there is no question as to the jurisdiction of the court; jurisdiction is based upon the following code sections. (When there are multiple claims, list each claim and its jurisdictional basis separately.)

**Jurisdiction over Plaintiff's claim is based on 28 U.S.C. §§ 1331 and 1343. Defendant has no question as to the jurisdiction of this Court.**

5.

The following individually-named attorneys are hereby designated as lead counsel for the parties:

**Plaintiff:**   Jeff Filipovits

**Defendant:**   James E. Dearing, Jr.
   Staci J. Miller

6.

Normally, the plaintiff is entitled to open and close arguments to the jury.

(Refer to LR39.3(B)(2)(b)). State below the reasons, if any, why the plaintiff should not be permitted to open arguments to the jury.

**Defendant has no objection to Plaintiff opening and closing arguments to the jury.**

7.

The captioned case shall be tried ( **X** ) to a jury or (   ) to the court without a jury, or (   ) the right to trial by jury is disputed.

8.

State whether the parties request that the trial to a jury be bifurcated, i.e. that the same jury consider separately issues such as liability and damages. State briefly the reasons why trial should or should not be bifurcated.

**There is no request for bifurcation.**

9.

Attached hereto as Attachment "A" and made a part of this order by reference are the questions which the parties request that the court propound to the jurors concerning their legal qualifications to serve.

10.

Attached hereto as Attachment "B-1" are the general questions which plaintiff wishes to be propounded to the jurors on voir dire examination.

4

Ju      Attached hereto as Attachment "B-2" are the general questions which defendant wishes to be propounded to the jurors on voir dire examination.

Attached hereto as Attachment "B-3", "B-4", etc. are the general questions which the remaining parties, if any, wish to be propounded to the jurors on voir dire examination.

The court, shall question the prospective jurors as to their address and occupation and as to the occupation of a spouse, if any. Counsel may be permitted to ask follow-up questions on these matters. It shall not, therefore, be necessary for counsel to submit questions regarding these matters. The determination of whether the judge or counsel will propound general voir dire questions is a matter of courtroom policy which shall be established by each judge.

11.

State any objections to plaintiff's voir dire questions:


State any objections to defendant's voir dire questions:

**None**

12.

All civil cases to be tried wholly or in part by jury shall be tried before a jury consisting of not less than six (6) members, unless the parties stipulate otherwise. The

parties must state in the space provided below the basis for any requests for additional strikes. Unless otherwise directed herein, each side as a group will be allowed the number of peremptory challenges as provided by 28 U.S.C. § 1870. See Fed.R.Civ.P. 47(b).

**The parties do not request additional strikes.**

13.

State whether there is any pending related litigation. Describe briefly, including style and civil action number.

**There is no pending related litigation.**

14.

Attached hereto as Attachment "C" is plaintiff's outline of the case which includes a succinct factual summary of plaintiff's cause of action and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law creating a specific legal duty relied upon by plaintiff shall be listed under a separate heading. In negligence cases, each and every act of negligence relied upon shall be separately listed. For each item of damage claimed, plaintiff shall separately provide the following information: (a) a brief description of the item claimed, for example, pain and suffering; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision

authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.

**See Attachment C.**

15.

Attached hereto as Attachment "D" is the defendant's outline of the case which includes a succinct factual summary of all general, special, and affirmative defenses relied upon and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law relied upon as creating a defense shall be listed under a separate heading. For any counterclaim, the defendant shall separately provide the following information for each item of damage claimed: (a) a brief description of the item claimed; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.

**See Attachment D.**

16.

Attached hereto as Attachment "E" are the facts stipulated by the parties. No further evidence will be required as to the facts contained in the stipulation and the stipulation may be read into evidence at the beginning of the trial or at such other

time as is appropriate in the trial of the case. It is the duty of counsel to cooperate fully with each other to identify all undisputed facts. A refusal to do so may result in the imposition of sanctions upon the non-cooperating counsel.

**Thee parties have not stipulated to any facts and believe those facts which are undisputed are more easily established through witness testimony rather than being separately presented to the jury as stipulations.**

17.

The legal issues to be tried are as follows:

**Plaintiff:**

1. **Whether Defendant had probable cause to arrest Plaintiff for violating O.C.G.A. § 40-6-296(a);**
2. **Whether Plaintiff is entitled to compensatory damages and, if so, what amount;**
3. **Whether Plaintiff is entitled to punitive damages and, if so, what amount;**
4. **Whether Plaintiff is entitled to an award of attorney's fees under 42 U.S.C. § 1988 and, if so, what amount.**

**Defendant:**

1. **whether Defendant had probable cause to arrest Plaintiff?**
2. **whether Defendant is entitled to official and qualified immunity?**

18.

Attached hereto as Attachment "F-1" for the plaintiff, Attachment "F-2" for the defendant, and Attachment "F-3", etc. for all other parties is a list of all the witnesses and their addresses for each party. The list must designate the witnesses whom the party will have present at trial and those witnesses whom the party may have present at trial. Expert (any witness who might express an opinion under Rule 702), impeachment and rebuttal witnesses whose use as a witness can be reasonably anticipated must be included. Each party shall also attach to the list a reasonable specific summary of the expected testimony of each expert witness.

All of the other parties may rely upon a representation by a designated party that a witness will be present unless notice to the contrary is given ten (10) days prior to trial to allow the other party(s) to subpoena the witness or to obtain the witness' testimony by other means. Witnesses who are not included on the witness list (including expert, impeachment and rebuttal witnesses whose use should have been reasonably anticipated) will not be permitted to testify, unless expressly authorized by court order based upon a showing that the failure to comply was justified.

**See Attachment F-1 and F-2.**

19.

Attached hereto as Attachment "G-1" for the plaintiff, "G-2" for the defendant,

and "G3", etc. for all other parties are the typed lists of all documentary and physical evidence that will be tendered at trial. Learned treatises which are expected to be used at trial shall not be admitted as exhibits. Counsel are required, however, to identify all such treatises under a separate heading on the party's exhibit list.

Each party's exhibits shall be numbered serially, beginning with 1, and without the inclusion of any alphabetical or numerical subparts. Adequate space must be left on the left margin of each party's exhibit list for court stamping purposes. A courtesy copy of each party's list must be submitted for use by the judge.

Prior to trial, counsel shall mark the exhibits as numbered on the attached lists by affixing numbered yellow stickers to plaintiff's exhibits, numbered blue stickers to defendant's exhibits, and numbered white stickers to joint exhibits. When there are multiple plaintiffs or defendants, the surname of the particular plaintiff or defendant shall be shown above the number on the stickers for that party's exhibits.

Specific objections to another party's exhibits must be typed on a separate page and must be attached to the exhibit list of the party against whom the objections are raised. Objections as to authenticity, privilege, competency, and, to the extent possible, relevancy of the exhibits shall be included. Any listed document to which an objection is not raised shall be deemed to have been stipulated as to authenticity by the parties and shall be admitted at trial without further proof of authenticity.

Unless otherwise noted, copies rather than originals of documentary evidence may be used at trial. Documentary or physical exhibits may not be submitted by counsel after filing of the pretrial order, except upon consent of all the parties or permission of the court. Exhibits so admitted must be numbered, inspected by counsel, and marked with stickers prior to trial.

Counsel shall familiarize themselves with all exhibits (and the numbering thereof) prior to trial. Counsel will not be afforded time during trial to examine exhibits that are or should have been listed.

**See Attachment G-1 and G-2.**

20.

The following designated portions of the testimony of the persons listed below may be introduced by deposition:

**The parties do not anticipate introducing any deposition testimony at this time.**

Any objections to the depositions of the foregoing persons or to any questions or answers in the depositions shall be filed in writing no later than the day the case is first scheduled for trial. Objections not perfected in this manner will be deemed waived or abandoned. All depositions shall be reviewed by counsel and all extraneous and unnecessary matter, including non-essential colloquy of counsel, shall

be deleted. Depositions, whether preserved by stenographic means or videotape, shall not go out with the jury.

21.

Attached hereto as Attachments "H-1" for the plaintiff, "H-2" for the defendant, and "H-3", etc. for other parties, are any trial briefs which counsel may wish to file containing citations to legal authority concerning evidentiary questions and any other legal issues which counsel anticipate will arise during the trial of the case. Limitations, if any, regarding the format and length of trial briefs is a matter of individual practice which shall be established by each judge.

**The parties have not submitted trial briefs at this time.**

22.

In the event this is a case designated for trial to the court with a jury, requests for charge must be submitted no later than 9:30 a.m. on the date on which the case is calendared (or specially set) for trial. Requests which are not timely filed and which are not otherwise in compliance with LR 51.1, will not be considered. In addition, each party should attach to the requests to charge a short (not more than one (1) page) statement of that party's contentions, covering both claims and defenses, which the court may use in its charge to the jury.

Counsel are directed to refer to the latest edition of the Eleventh Circuit

District Judges Association's Pattern Jury Instructions and Devitt and Blackmar's Federal Jury Practice and Instructions in preparing the requests to charge. For those issues not covered by the Pattern Instructions or Devitt and Blackmar, counsel are directed to extract the applicable legal principle (with minimum verbiage) from each cited authority.

23.

If counsel desire for the case to be submitted to the jury in a manner other than upon a general verdict, the form of submission agreed to by all counsel shall be shown in Attachment "I" to this Pretrial Order. If counsel cannot agree on a special form of submission, parties will propose their separate forms for the consideration of the court.

**See Attachment I.**

24.

Unless otherwise authorized by the court, arguments in all jury cases shall be limited to one-half hour for each side. Should any party desire any additional time for argument, the request should be noted (and explained) herein.

**No additional time is needed.**

25.

If the case is designated for trial to the court without a jury, counsel are

directed to submit proposed finding of fact and conclusions of law not later than the opening of trial.

**Not applicable.**

26.

Pursuant to LR 16.3, lead counsel and persons possessing settlement authority to bind the parties met in person on October 14, 2014, to discuss in good faith the possibility of settlement of this case. The court ( ) has or ( **X** ) has not discussed settlement of this case with counsel. It appears at this time that there is:

( ) A good possibility of settlement.

( ) Some possibility of settlement.

( **X** ) Little possibility of settlement.

( ) No possibility of settlement.

27.

Unless otherwise noted, the court will not consider this case for a special setting, and it will be scheduled by the clerk in accordance with the normal practice of the court.

28.

The plaintiff estimates that it will require __1__ day to present its evidence. The defendant estimates that it will require __1__ day to present its evidence. It is

estimated that the total trial time is __2__ days.

29.

IT IS HEREBY ORDERED that the above constitutes the pretrial order for the above captioned case ( **X** ) submitted by stipulation of the parties or ( ) approved by the court after conference with the parties.

IT IS FURTHER ORDERED that the foregoing, including the attachments thereto, constitutes the pretrial order in the above case and that it supersedes the pleadings which are hereby amended to conform hereto and that this pretrial order shall not be amended except by Order of the court to prevent manifest injustice. Any attempt to reserve a right to amend or add to any part of the pretrial order after the pretrial order has been filed shall be invalid and of no effect and shall not be binding upon any party or the court, unless specifically authorized in writing by the court.

IT IS SO ORDERED this 28th day of September, 2020.

_____
J. P. BOULEE
UNITED STATES DISTRICT JUDGE

Each of the undersigned counsel for the parties hereby consents to entry of the foregoing pretrial order, which has been prepared in accordance with the form pretrial order adopted by this court.

This 9th day of July, 2020.

*Counsel for Plaintiff*                    *Counsel for Defendant*

**Jeff Filipovits**
Georgia Bar No. 825553

SPEARS & FILIPOVITS, LLC
1126 Ponce de Leon Avenue
Atlanta, Georgia 30306
(404) 872-7086
bspears@civil-rights.law
jeff@civil-rights.law

**Staci J. Miller**
Assistant City Attorney
Georgia Bar No. 601594
404-546-4083
sjmiller@atlantaga.gov

City of Atlanta, Department of Law
55 Trinity Avenue, Suite 5000
Atlanta, GA 30303

**James E. Dearing, Jr.**
Georgia Bar No. 215090

James E. Dearing, Jr., P.C.
1596 W. Cleveland Avenue, Ste. 102
East Point, Georgia 30344
404-870-0010
jdearing@jed-law.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KENTREVIOUS HIGHTOWER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No.: |
| | ) | |
| OFFICER RICHARD BLAKE POWELL, | ) | 1:18-cv-3311-JPB |
| | ) | |
| Defendant. | ) | |

### CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document to the Clerk of Court using the CM/ECF system that will cause service by electronic mail to all attorneys of record.

This 9th day of July, 2019.

**Jeff Filipovits**
Georgia Bar No. 825553

SPEARS & FILIPOVITS, LLC
1126 Ponce de Leon Avenue
Atlanta, Georgia 30306
(404) 872-7086
jeff@civil-rights.law

17